## No. 591
## CASKEY v. GRABER

Ohio Appeals, 9th Dist., Wayne Co.
No. 797.   Decided June 2, 1925

683. JURY—Statement to, of facts upon which general denial is based, since it definitely informs plaintiff of defendant's claim, is harmless error.

616. HYPOTHETICAL QUESTION — 1. Evidence must be offered tending to prove each material condition of question propounded.

2. Not reversible error to refuse to permit such question where subject matter is covered by other evidence.

FUNK, J.

Glenn and Durbin Caskey sued S. E. Gra-

## STATE COURT OF APPEALS, Continued

ber in the Wayne Common Pleas for the balance due as reasonable value for services rendered in skidding logs, hauling and loading lumber and moving a saw mill in the sum of $294.80, alleging that said services were rendered at request of Graber for which he agreed to pay them whatever such services were reasonably worth.

Graber, by way of answer, filed a general denial, alleging that he had never made an agreement with Glenn and Durbin Caskey but whatever work they did was done for their father, Emmet Caskey, with whom Graber alleged he had a contract to do said skidding, hauling, loading and moving at a specified price. On trial a verdict was returned for Graber, upon which judgment was entered.

Error was prosecuted and the Caskeys contended that the court erred in permitting counsel for Graber to read the second defense which set up the contract with the father, and state to the jury the facts they intended to prove thereunder; that the court erred in admitting evidence of the contract with the father and conversation between Graber and the father; and that the court erred in the charge concerning this second defense.

Caskeys' contention is based upon the theory that the allegations and proof of a contract with a third person, is not competent to prove that Graber did not contract with them. It was also contended that the court erred in not permitting a witness to answer a hypothetical question. The Court held:

1. Under pleadings there was no controversy as to what work was done; the only issue was, did plaintiffs do this work under a special contract with defendant on a quantum meruit basis as alleged in the petition, or did they do it for the father under a contract with defendant at a specified price as alleged in the answer?

2. Setting forth of facts upon which Graber based his general denial, since it definitely informed Caskeys of his claim was not error, and if it was error to allege the contract with the father, it was harmless error.

3. Graber under a general denial could prove a contract with Glenn and Durbin Caskey wholly different than the one alleged in the petition; not as showing a different contract but for the purpose of disproving the allegations of the Caskeys' petition. Dykeman v. Johnson, 83 OS. 126.

4. It is conceded that unless there had been evidence offered tending to prove each material condition in the hypothetical question propounded, it was properly rejected. However the whole matter is covered by the other evidence so that it was only cumulative and thus not error to a reversible degree.

5. Graber must have had some agreement with someone for the Caskeys to haul the sawmill, and since there is no evidence offered by them as to any such contract, it leaves the testimony of Graber stand alone; and even though the charge of the subject as given is technically erroneous (83 OS. 169, Seeds G. & H. Co. v. Conger) yet under the evidence on the subject the jury could not have come to any other conclusion, even if the court had charged correctly on the subject, and it is therefore not prejudicial. Judgment affirmed.

Attorneys—H. R. Smith, for Caskey; Weygandt and Ross and W. J. Mongey, for Graber; all of Wooster.